FILED
2019 Aug-20 PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **BROADCAST MUSIC, INC., et al.,** | |
| Plaintiffs, | |
| v. | Case No.: 4:19-cv-00648-ACA |
| **CJ's SALOON LLC d/b/a CJ's SALOON a/k/a CJS SALOON, and CYNTHIA DEWBERRY,** | |
| Defendants. | |

## MEMORANDUM OPINION

This copyright infringement matter comes before the court on Plaintiffs Broadcast Music, Inc., Manchaca Music, Blame Music, Fourteenth Hour Music, Inc., Springtime Music, Inc., Bocephus Music, Inc., Sony/ATV Songs LLC, Cotillion Music, Inc., Rondor Music International, Inc., Arc/Conrad Music LLC, Songs of Universal, Inc., Escatawpa Songs, LLC, and Leahrae Music Co.'s motion for default judgment. (Doc. 10). After the Clerk entered default against Defendants CJ's Saloon LLC and Cynthia R. Dewberry (doc. 9), Plaintiffs moved under Federal Rule of Civil Procedure 55(b) for a default judgment, seeking a statutory damages award of $27,000, a permanent injunction, and attorney's fees and costs in the amount of $3,955. (Doc. 10 at 2).

Because Plaintiff's well-pleaded allegations and other evidence support their claims for copyright infringement, the court finds that Plaintiffs have established that Defendants are liable for copyright infringement. Accordingly, the court **WILL GRANT** the motion for default judgment, **WILL AWARD** Plaintiffs $27,000 in statutory damages, and **WILL ENTER** a permanent injunction. The court also finds that Plaintiffs' request for attorney's fees and costs in the amount of $3,955 is reasonable, and it **WILL GRANT** Plaintiffs' request for those fees and costs.

## I. BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). In resolving a motion for default judgment, the court also may consider evidence presented in the form of an affidavit or declaration. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011).

Plaintiffs other than Broadcast Music Group, Inc. ("BMI") own the copyrights in the nine musical compositions that are the subject of this lawsuit. (Doc. 1 at ¶ 4–16; Doc. 1 at 9–12; Doc. 10-1 at ¶ 4). BMI has acquired from the other Plaintiffs non-exclusive public performance rights of those compositions and millions of other compositions, collectively known as the BMI Repertoire. (Doc. 1 at ¶ 3; Doc. 10-1 at ¶¶ 2, 4).

Defendant CJ's Saloon LLC operates a bar known as CJ's Saloon in Arab, Alabama. (Doc. 1 at ¶ 17; *see* Doc. 10-2 at 10). CJ's Saloon regularly features public

performances of live and recorded music. (Doc. 1 at ¶ 18). Defendant Cynthia R. Dewberry is a member of CJ's Saloon LLC and is responsible for operating and managing the LLC and CJ's Saloon. (Doc. 1 at ¶ 20). Ms. Dewberry also has the right and ability to supervise CJ's Saloon's activities, and she has a direct financial interest in the LLC and CJ's Saloon. (Doc. 1 at ¶ 21).

Between May 2016 and September 2018, BMI repeatedly notified Defendants that they needed permission for public performances of copyrighted music. (Doc. 1 at ¶ 23; Doc. 10-2 at ¶¶ 3–5, 7, 13–14). In all, BMI called Defendants over 20 times and sent over 20 letters. (Doc. 1 at ¶ 23; Doc. 10-2 at ¶¶ 3–5, 13–14). Included in the letters were cease and desist notices, which provided Defendants with formal notice that they must immediately cease all use of BMI-licensed music at CJ's Saloon. (Doc. 1 at ¶ 23; Doc. 10-2 at ¶ 5; Doc. 10-2 at 51–58). BMI offered to enter into a blanket license agreement with Defendants, but Defendants have not entered the agreement. (Doc. 10-2 at ¶¶ 3, 8, 17; Doc. 10-2 at 37–61).

BMI agents visited CJ's Saloon on May 24, 2018, May 25, 2018, September 28, 2018, and September 29, 2018. (Doc. 10-2 at ¶¶ 9–12). During each of these visits, the agents confirmed that Defendants performed various musical compositions in the BMI Repertoire without a license or permission to do so. (Doc. 1 at ¶¶ 24–25; Doc. 10-2 at ¶¶ 9–12; Doc. 10-2 at 10–35). Defendants continue to provide unauthorized public performances of works in the BMI Repertoire. (Doc. 1 at ¶ 30; Doc. 10-2 at ¶ 18).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, if the defendant is not an infant or an incompetent person, the court reviews the sufficiency of the complaint and its underlying substantive merits to determine whether a moving party is entitled to default judgment. Fed. R. Civ. P. 55(b)(2); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). Here, the Clerk already entered default. Therefore, the court must decide whether Plaintiffs' complaint and other evidence establishes liability.

To prevail on a copyright infringement claim based on unauthorized public performances of a copyrighted musical composition, a plaintiff must demonstrate:

> (1) the originality and authorship of the compositions involved; (2) compliance with all formalities required to secure a copyright under Title 17, United States Code; (3) that plaintiffs are the proprietors of the copyrights of the compositions involved in the action; (4) that the compositions were performed publicly by the defendant; and (5) that the defendant had not receive permission from any of the plaintiffs or their representatives for such performance.

*Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 772 F.3d 1254, 1258 (11th Cir. 2014). Plaintiffs have established the first three elements of their copyright claims. For each subject musical composition, the schedule attached to Plaintiffs' complaint lists the publisher or owner, the date of registration with the Copyright Office, and the

registration number listed on the registration certificate. (Doc. 1 at 9–12; *see also* Doc. 10-1 at ¶ 4). Plaintiff's complaint and evidence also establish that on at least nine occasions, Defendants publicly performed the musical compositions at issue without permission from Plaintiffs or any of their representatives. (Doc. 1 at ¶¶ 24–25; Doc. 10-2 at ¶¶ 9–12; Doc. 10-2 at 10–35). Accordingly, Plaintiffs have demonstrated liability on Defendants' part.

Next, the court must address the amount of damages it will award. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The court may enter a default judgment without a hearing only if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *United States Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (citations omitted);[1] *see also* Fed. R. Civ. P. 55(b)(1). Unlike a finding of liability, the court may award damages only if the record adequately reflects the basis for such an award through "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quotation marks omitted).

Under the Copyright Act, plaintiffs may elect statutory damages per infringed work instead of actual damages and profits. A prevailing party in a copyright infringement action is entitled to "not less than $750.00 or more than $30,000" per

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

infringement "as the court considers just." 17 U.S.C. § 504(c). In their complaint, Plaintiffs seek to recover statutory damages pursuant to 17 U.S.C. § 504(c). (Doc. 1 at 8). In their motion for default judgment, Plaintiffs seek $3,000 in statutory damages for each of the nine acts of infringement, for a total statutory damages award of $27,000. (Doc. 10 at 2). The court finds that this award is just and appropriate. Therefore, the court **WILL AWARD** Plaintiffs $27,000 in statutory damages.

The Copyright Act also permits the court to grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In their complaint, Plaintiffs ask the court to enjoin Defendants from infringing the copyrighted musical compositions licensed by BMI. (Doc. 1 at 8). To be entitled to a permanent injunction, Plaintiffs must show:

> (1) that [the plaintiffs have] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff[s] and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Evie's Tavern*, 772 F.3d at 1261 (quoting *eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388, 391 (2006)) (alterations in *Evie's Tavern*).

The record demonstrates that Defendants' conduct has caused, and unless restrained by the court, will continue to cause Plaintiffs irreparable injury that cannot be fully compensated by money damages. Balancing the hardships between the parties, an equitable remedy is appropriate, and the court finds that the public interest

is not disserved by a permanent injunction under the circumstances. *See Pacific and So. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984) ("[P]ast infringement and a substantial likelihood of future infringements [] normally entitle[s] the copyright holder to a permanent injunction."). Accordingly, the court **WILL ENTER** a permanent injunction.

The Copyright Act permits the court to award full costs, which may include reasonable attorney's fees, to the prevailing party. 17 U.S.C. § 505. Plaintiffs ask the court to award $3,955 in costs and fees. (Doc. 1 at 8; Doc. 10 at 2). In support of this request, Plaintiffs submit a declaration from their attorney, who attests that he performed at least 11.3 hours on this matter, and his usual and customary rate is $350.00 per hour. (Doc. 11 at 9, ¶ 11). Based on counsel's expertise, the time expended in this case, and the amount of statutory damages awarded, the court finds that the attorney's fees and costs requested are reasonable. Therefore, the court **WILL AWARD** $3,955 in attorney's fees and costs.

### III. CONCLUSION

The court **WILL GRANT** Plaintiffs' motion for default judgment. (Doc. 10). The court **WILL ENTER** default judgment favor of Plaintiffs and against Defendants, jointly and severally, in the following amounts: (1) $27,000 in statutory damages, (2) $3,955 in attorney's fees and costs, and (3) post-judgment interest at the statutory rate in accordance with 28 U.S.C. § 1961. The court also **WILL ENTER** a

permanent injunction enjoining and restraining Defendants from infringing the copyrighted musical compositions licensed by BMI.

The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this August 20, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE