# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **BROADCAST MUSIC, INC., et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  4:19-cv-00648-ACA** |
| | } | |
| **CJ's SALOON LLC d/b/a CJ's SALOON a/k/a CJS SALOON, and CYNTHIA DEWBERRY,** | } } } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendants CJ's Saloon LLC and Cynthia Dewberry's motion to set aside default judgment.  (Doc. 14).  Also before the court is Plaintiffs' motion to strike a declaration from Defendants' attorney, James Wooten, filed in support of the motion to set aside default judgment.  (Doc. 17).

Plaintiffs Broadcast Music, Inc. ("BMI"), Manchaca Music, Blame Music, Fourteenth Hour Music, Inc., Springtime Music, Inc., Bocephus Music, Inc., Sony/ATV Songs LLC, Cotillion Music, Inc., Rondor Music International, Inc., Arc/Conrad Music LLC, Songs of Universal, Inc., Escatawpa Songs, LLC, and Leahrae Music Co. allege that Defendants violated the Copyright Act by engaging in unauthorized public performances of various musical compositions that Plaintiffs own or to which BMI has acquired public performance rights.

The court entered a final default judgment against Defendants because despite being properly served, Defendants did not appear or defend Plaintiffs' well-pleaded allegations. (Doc. 13). Defendants now move the court to set aside that final default judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3). Because Defendants have not met their burden under either standard, the court **DENIES** the motion to set aside default judgment. (Doc. 14). In addition, because the court has not relied on the challenged declaration in ruling on Defendants' motion or because the information does not entitle Defendants to relief, the court **DENIES** Plaintiffs' motion to strike as **MOOT**. (Doc. 17).

## I.     RELEVANT BACKGROUND

Plaintiffs filed this lawsuit on April 30, 2019. (Doc. 1). Plaintiffs allege that Defendants, the owners and operators of CJ's Saloon, performed nine musical compositions without a license or permission to do so. (*Id.*). The complaint asserts nine claims of copyright infringement. (*Id.*). By May 21, 2019, Plaintiffs properly served both Defendants with the summons and complaint. (Doc. 5).

On June 10, 2019, Plaintiffs filed a letter dated May 31, 2019 from Defendant Cynthia Dewberry. (Doc. 6). Also on June 10, 2019, Plaintiffs' counsel mailed Ms. Dewberry a letter explaining that he had filed her May 31, 2019 letter with the court as courtesy. (Doc. 22-1). The letter explained that Plaintiffs did "not believe [Ms. Dewberry's] letter suffices as an answer or other

appropriate response to the Complaint under the applicable rules of procedure."
(Doc. 22-1). Plaintiffs' counsel urged Ms. Dewberry "to retain counsel and to file
a proper answer or response directly with the court clerk." (Doc. 22-1). Plaintiffs'
counsel ended his letter with a warning that if Ms. Dewberry did not file an answer
or response to the complaint, a default may be entered against her for the relief
requested in the complaint. (Doc. 22-1).

On July 1, 2019, the court entered an order explaining that Plaintiffs had
properly served Defendants, but Defendants had failed to file a responsive pleading
within 21 days. (Doc. 7 at 1) (citing Fed. R. Civ. P. 12(a)(1)(A)(i)). The court
noted that Plaintiffs had filed Ms. Dewberry's letter, but the letter did not
constitute a responsive pleading because Ms. Dewberry did not file it with the
court. (Doc. 7 at 2, n.1). The court asked Plaintiffs to show cause why the court
should not dismiss the case for failure to prosecute. (Doc. 7 at 2).

On July 3, 2019, Plaintiffs filed a motion for entry of default, and the Clerk
entered default against Defendants. (Docs. 8, 9). Consistent with this court's
practices, the Clerk mailed a copy of the entry of default to Defendants along with
a copy of the court's pro bono plan which explained how Defendants could apply
for pro bono counsel if they could not afford to hire an attorney. (*See* July 3, 2019
staff note).

On August 6, 2019, Plaintiffs filed a motion for default judgment. (Doc. 10). Because Plaintiffs' well-pleaded allegations and other evidence supported their claims for copyright infringement, the court granted the motion for default judgment on August 20, 2019. (Doc. 12). The court entered default judgment and awarded Plaintiffs $27,000 in statutory damages and $3,955 in attorney's fees and costs. (Doc. 13). The court also permanently enjoined Defendants from infringing the subject musical compositions. (*Id.*).

On September 20, 2019, Defendants filed their motion to set aside the judgment. (Doc. 14).

## II.    DISCUSSION

Defendants move to set aside the default judgment pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(3). (Doc. 14 at 1, 5–9).

### 1.    Rule 60(b)(1)

To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295

(11th Cir. 2003) (quotation marks omitted). The court finds that Defendants have not shown good cause for failing to reply to the complaint.[1]

The record is undisputed that Defendants were properly served with process, and Defendants concede as much. (Doc. 14 at 3, ¶ 5). Defendants state that "[Ms.] Dewberry, acting *pro se*, is responsible for the delay in answering the complaint," but they contend that "she did act in good faith and to the best of her knowledge and ability." (Doc. 14 at 6). The court understands that until after the default judgment had been entered, Ms. Dewberry had trouble retaining counsel. Although the court must liberally construe *pro se* pleadings, *pro se* litigants are "still subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). On at least two occasions, once by Plaintiffs' counsel and once by the court, Ms. Dewberry was warned that the letter she sent to Plaintiffs' counsel did not constitute a responsive pleading because it was not filed with the court. (Docs. 7, 22-1). Still, neither Defendant filed a responsive pleading.

Along with a copy of the entry of default, on July 3, 2019, the Clerk mailed to Ms. Dewberry and CJ's Saloon information regarding how to apply for

---

[1] Because Defendants' failure to show good cause is fatal to their request for relief under Federal Rule of Civil 60(b)(1), the court does not consider whether Defendants have a meritorious defense that might have affected the outcome or whether granting the motion would result in prejudice to Plaintiffs. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007) (because defaulting party did not show good cause, district court did not abuse its discretion in finding that defaulting party failed to establish excusable neglect).

representation through the court's pro bono plan, but neither Defendant submitted an application for pro bono counsel or any other correspondence with the court before Plaintiffs' filed, and the court granted, the motion for default judgment.

Defendants also submit that prior to this action, Ms. Dewberry "never owned a bar or any establishment that played music," and she never "worked in such an establishment." (Doc. 14 at 6). That may be, but Ms. Dewberry's unfamiliarity with operating a bar or owning a business has little to no bearing on her obligations to respond to a lawsuit. In this regard, Defendants submit that Ms. Dewberry has an 11th grade education "and no experience dealing with lawsuits or business legal matters and did not know what to do." (Doc. 14 at 6–7). The court is not persuaded. The letter that Ms. Dewberry sent to Plaintiffs' counsel within days of receipt of the summons and complaint generally denies liability and specifically challenges Plaintiffs' allegations that certain songs could have been performed on a day when CJ's was closed. (Doc. 6 at 3). The letter is evidence that Ms. Dewberry understood some type of response was warranted and shows that she had the capacity to understand the nature of the allegations against her. In response to the letter, Plaintiffs' counsel explained to Ms. Dewberry that she should file a response with the court or risk a default judgment. (Doc. 22-1). Again, Ms. Dewberry took no action.

Defendants argue that Ms. Dewberry did as Plaintiffs' counsel instructed and attempted to find an attorney but could not find one or could not afford one. (Doc. 22 at 5). As stated above, the court provided Defendants with an opportunity to apply for pro bono representation, but Defendants did not accept the court's invitation. If Ms. Dewberry wished to continue to retain private counsel, she had a duty exercise some diligence to protect her interests in the meantime. Instead, she ignored multiple notices, including proper service of the complaint, notice of entry of default, and notice of Plaintiffs' motion for default judgment.

On the record before the court, Defendants have not shown good cause for failing to respond to the complaint. Accordingly, they are not entitled to relief from judgment under Rule 60(b)(1).

### 2.    Rule 60(b)(3)

To obtain relief from a default judgment under Federal Rule of Civil Procedure 60(b)(3), the defaulting party must prove "by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). In addition, the defaulting party must show "that the conduct prevented [it] from fully and fairly presenting [its] case or defense." *Id.*

Defendants claim that they have information indicating that three of the seven songs allegedly performed without a license or permission on July 28-29, 2019 were not in fact performed. (Doc. 14 at 10). According to Defendants, this information "calls into question the credibility of the Plaintiffs' employees/agents who identified such songs, as well as their credibility as to the remainder of the statements given in support of the Plaintiff's motion for default judgment." (*Id.*). Defendants also claim that Plaintiffs engaged in misconduct by failing to investigate the identity of a karaoke jockey who purportedly performed two of the songs and that such an investigation would have revealed that the karaoke jockey had appropriate licenses to perform the music. (*Id.*).

At best for Defendants, their Rule 60(b)(3) arguments create conflicting accounts about what songs may have been performed and what authority individuals other than Defendants had to play some of the songs in question, but Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually inaccurate." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (11th Cir. 1978).[2] Moreover, and perhaps more importantly, Defendants have not shown how Plaintiffs' conduct prevented them from fully or fairly presenting their case or defense.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Accordingly, Defendants are not entitled to relief from judgment under Rule 60(b)(3).

## III.    CONCLUSION

For the reasons explained above, the court **DENIES** Defendants' motion to set aside default judgment.  (Doc. 14).  The court **DENIES** Plaintiffs' motion to strike as **MOOT**.

**DONE** and **ORDERED** this January 6, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE